

**null / ALL**
**Transmittal Number: 19629460**
**Date Processed: 04/10/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Emilee Hanson<br>State Auto Financial Corporation<br>175 S. Third St.<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Samantha Smith<br>Susan Barrett<br>Amber Walker<br>Lindsay Ramos |

| | |
|---|---|
| **Entity:** | State Automobile Mutual Insurance Company<br>Entity ID Number  3046925 |
| **Entity Served:** | State Automobile Mutual Ins Co |
| **Title of Action:** | Amisha 123 LLC d/b/a Days Inn of Mt Pleasant vs. State Automobile Mutual Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Titus County District Court, TX |
| **Case/Reference No:** | 40820 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/08/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Matthew R Pearson<br>210-472-1111 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| EXHIBIT |
|---|
| **F** |

```
                                CAUSE NO.        40820
```

IN  THE  DISTRICT  COURT  OF  TITUS  COUNTY,  TEXAS

ATTORNEY FOR PLAINTIFF OR PLAINTIFF

MARCUS CARLOCK, DISTRICT CLERK        JONATHAN C LISENBY
P.O. BOX 492,COURTHOUSE ANNEX         425 SOLEDAD,SUITE 600
MT. PLEASANT, TEXAS 75456-0492        SAN ANTONIO, TX 78205

## C I T A T I O N   B Y   C E R T I F I E D   M A I L

THE STATE OF TEXAS

NOTICE TO DEFENDANT:
YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR
ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS
CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF
TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU.

To:   STATE AUTOMOBILE MUTUAL INS CO
      %CORPORATION SERVICE COMPANY
      211 EAST 7TH ST. SUITE 620
      AUSTIN, TX 78701-3218

DEFENDANT - GREETINGS:
You are hereby commanded to appear by filing a written answer to the
Plaintiff's          O R I G I N A L                    petition
at or before ten o'clock a.m. of the Monday next after the expiration
of twenty days after the date of service of this citation before the
Honorable District Court of TITUS County, Texas at the Courthouse of said
County in TITUS, Texas.

Said          O R I G I N A L                           petition
was filed in said court, on the 29th day of March    A.D., 2019  in
this cause, numbered          40820 on the docket of said court & styled:

AMISHA 123 LLC D/B/A DAYS INN        VS    STATE AUTOMOBILE MUTUAL
OF MT PLEASANT                             INSURANCE COMPANY


The nature of this demand is fully shown by a true and correct copy of
The petition, accompanying this citation and made a part hereof.
The officer executing this writ shall promptly mail the same according
to requirements of law, and mandates thereof, and make due return as the law
directs.
Issued and given under my hand and seal of said court at Mt.
Pleasant Texas, this the 29th day of March    A.D., 2019 .

                                MARCUS CARLOCK, CLERK
                                76TH/276TH DISTRICT COURT
BY:                             TITUS COUNTY, TEXAS

DEPUTY

CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the 29th day of March    , 2019 at 4:30 o'clock

___ M and executed the 29th day of March    , 2019 by mailing the

same to: STATE AUTOMOBILE MUTUAL INS CO,    Defendant by registered or

certified mail, with delivery restricted to addressee only, return receipt
requested, a true copy of this citation with a copy of the petition were
attached thereto.

                M Carlock         District Clerk

                Titus             County, Texas

        BY:                       Deputy

Titus County - District Clerk

Filed: 3/29/2019 3:30 PM
Marcus Carlock
District Clerk
Titus County, Texas

Sharolyn Redar

CAUSE NO. 40820 _____

| | | |
|---|---|---|
| AMISHA 123 LLC D/B/A DAYS | § | IN THE DISTRICT COURT |
| INN OF MT PLEASANT | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STATE AUTOMOBILE MUTUAL | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | TITUS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, AMISHA 123 LLC D/B/A DAYS INN OF MT PLEASANT, files this Original

Petition against Defendant, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

("State Auto") and for causes of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct

discovery under Level 3.

### II. VENUE

Venue is appropriate in Titus County, Texas because all or part of the conduct giving rise

to the causes of action were committed in Titus County, Texas and Plaintiff and property which is

the subject of this suit are located in Titus County, Texas.

### III. PARTIES

Plaintiff AMISHA 123 LLC D/B/A DAYS INN OF MT PLEASANT is a domestic limited

liability company whose principal place of business is in Titus County, Texas.

Defendant STATE AUTOMOBILE MUTUAL INSURANCE COMPANY is in the

business of insurance in the State of Texas.   The insurance business done by STATE

AUTOMOBILE MUTUAL INSURANCE COMPANY in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, may be cited with process by *Certified Mail, Return Receipt Requested* to the attorney for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's property from a wind/hail event on or about March 10, 2018. Plaintiff seeks damages for breach of contract and violations of the Texas Insurance Code. Plaintiff also seeks attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000.00 but less than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## V. BACKGROUND FACTS

Plaintiff, AMISHA 123 LLC D/B/A Days Inn of Mount Pleasant ("Days Inn") owns the insured property located at 2501 W. Ferguson Road, Mt. Pleasant, Texas 75455 (the "Property"). The property is covered by a policy of insurance, numbered PBP 2786235, issued by Defendant

State Automobile Mutual Insurance Company ("State Auto"), to Plaintiff ("the Policy"). The Policy covered Plaintiff's property against loss by wind, water damage, among other perils.

As a consequence of the wind and hail, Plaintiff's property sustained extensive damage on or about March 10, 2018.

Plaintiff gave timely notice to the carrier.

Defendant has failed and refused to pay Plaintiff in accordance with its promises under the Policy. Defendant violated the Prompt Payment of Claims Act, Texas Ins. Code § 542.055 *et. seq.*

## VI. CLAIMS AGAINST STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provide coverage for the cost to repair the damaged property and personal property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Defendant and its agents constitute a breach and/or anticipatory breach of Defendant's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Defendant was engaged in the business of insurance as defined by the Texas

3

Insurance Code. The acts and omissions of Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.

2. Insurance Code chapter 541, section 541.060 by, among other things:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiff's claims without conducting a reasonable investigation.

Where statements were made by Defendant, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Defendant has also violated the Prompt Payment Act, and Plaintiff seeks damages as allowed by statute as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

Plaintiff promptly notified State Auto of that the Property had sustained loss due to a wind, hail and rain storm. Defendant acknowledged the claim and began its investigation. State Auto hired a consultant, Haag Engineering who performed an inspection of the property on April 25, 2018. However, performing this inspection, and not having requested or reasonably requiring any additional information to secure proof of loss and/or arrive at a claims decision, Defendant delayed notifying Plaintiff of its coverage decision until on or about August 2, 2018. This delay violated the Texas Insurance Code.

In its letter dated August 2, 2018, Defendant estimated the cost to repair the covered loss at Plaintiff's Property at $239,057.71. This amount is objectively unreasonable because it failed to include repairs to covered property.

Defendant identified Plaintiff's policy as and actual cash value ("ACV") policy under which payment for damage to the Property is calculated by reducing the reasonable and necessary cost to replace damaged property by an amount that corresponds to the used portion of expected life of the product based on the age and condition of the particular property. Defendant represented to Plaintiff that the "non-recoverable" depreciation on this loss was $142,256.72. Defendant's calculation of depreciation was incorrect, in violation of industry standard and amounted unfair claims practice by any objective standard. Defendant applied depreciation to the cost of labor items which by definition do not depreciate. Further, defendant depreciated numerous roofing items at close to seventy-five percent (75%) despite knowing that the age of the roofing items had much more than twenty-five percent (25%) of their useful life remaining and despite the fact that the observable conditions of the roofing materials evidenced much more than twenty-five (25%) of the useful life remained on the materials. Despite this, Defendant knowingly depreciated Plaintiff's loss in an unfair and unreasonable amount. Because Plaintiff's policy is an ACV policy, Defendant's unreasonable application of depreciation resulted in Plaintiff being unable to recover those funds even in the event that repairs were conducted.

## VII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## VIII. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this action.

## IX. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant provide the information required in a Request for Disclosure.

## X. REQUESTS FOR PRODUCTION TO STATE AUTO

1. Produce the complete claim file for Plaintiff's property relating to or arising out of the loss made the basis of this suit.

2. Produce the complete underwriting file for Plaintiff's property which is the subject of this suit.

3. Produce all emails, notes, and other forms of communication between Defendant, its agents, adjusters, employees, or representatives relating to, mentioning, concerning or evidencing Plaintiff's property which is the subject of this suit.

4. Produce all emails, notes, and other forms of communication between Defendant, its agents, adjusters, employees, or representatives and any consultants relating to, mentioning, concerning or evidencing Plaintiff's property which is the subject of this suit.

5. Produce the application for insurance and any notes, logs, statements or inspections created or produced during the application process of the Policy at issue in this suit.

## XI. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.      The Court's declaration that the Policy provides coverage for the damage to the Property, less only a deductible;

B.      Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.      Damages against Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

6

D.     Damages against Defendant for violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

E.     Penalty in the amount allowed by statute as damages for violations of the Prompt Payment Act;

F.     Any other relief to which Plaintiff would be justly entitled to.


Respectfully submitted,


MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@gplawfirm.com
JONATHAN C. LISENBY
State Bar No. 24072889
jlisenby@gplawfirm.com
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone:  (210) 472-1111
Facsimile:  (210) 472-1110

**ATTORNEYS FOR PLAINTIFF**

**MARCUS CARLOCK**
District Clerk – Titus County
Titus County Courthouse – Annex
**P. O. BOX 492**
**MT. PLEASANT, TEXAS 75456-0492**



7017 2680 0000 8214 0871



U.S. POSTAGE >> PITNEY BOWES

ZIP 75455  $ 000.65°
02 4W



U.S. POSTAGE >> PITNEY BOWES

ZIP 75455  $ 006.15°
02 4W
0000359446 APR. 03. 2019

*State Automobile Mutual Insurance Co.*
*%Corporation Service Company*
*211 East 7th Street, Suite 620*
*Austin, TX 78701-3218*

78701S3218 C015